_____

No. 96-2341

_____

Southern Pacific                    *
Transportation Company;             *
St. Louis Southwestern              *
Railway Company,                    *
                                    *
   Plaintiffs - Appellants,         *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  Eastern District of Arkansas
Asplundh Brush Control Company,     *
Asplundh Railroad Division,         *          [UNPUBLISHED]
                                    *
   Defendant - Appellee.            *

_____

Submitted:  February 14, 1997

Filed: March 11, 1997
_____

Before BOWMAN and WOLLMAN, Circuit Judges, and KOPF,[1] District
     Judge.

_____

KOPF, District Judge.


     The Southern Pacific Transportation Company and St. Louis
Southwestern Railway Company (Railroad) entered into an agreement
with Asplundh Brush Control Company (Asplundh) in which Asplundh
agreed to spray for weeds along the Railroad's right of way.  The
agreement contained various indemnity provisions.  A general
indemnity provision concerning a variety of topics, including
personal injury liability, exempted Asplundh from the indemnity
obligation if the Railroad was negligent.  In another provision

_____

[1]The Honorable Richard G. Kopf, United States District Judge
for the District of Nebraska, sitting by designation.

relating to chemical use, Asplundh agreed to indemnify the Railroad for liabilities "arising out of use of the chemicals to be applied

hereunder, including (but without limitation) claims or liability due to drift of the chemicals and harm to trees, crops, shrubs or vegetation of any kind, and livestock, regardless of any negligence of employees of Railroad."

Although Asplundh had sprayed the Mounds, Arkansas, crossing, weeds grew high. A serious personal injury accident followed when vision at the crossing was obstructed by the weeds. In a state court suit brought by an injured party, a jury found the Railroad was negligent, but Asplundh was not negligent. The evidence revealed that despite knowing that the chemicals had not controlled the weeds at the Mounds crossing, the Railroad failed to notify Asplundh of the problem, thus failing to give Asplundh an opportunity to respray the area.

The Railroad brought this action seeking indemnity from Asplundh, claiming the chemical-use provision of the contract required Asplundh to indemnify the Railroad for personal injury liability even if the Railroad was negligent because such liability arose out of the use of chemicals. With the material facts undisputed, and the parties' agreement that the contract was unambiguous, the district court[2] granted summary judgment for Asplundh. The court held that the "chemical-use" provision of the contract was limited to the harmful effects of chemicals to property.

The Railroad appeals, claiming the district court erred when it applied settled Arkansas rules of contract interpretation to the indemnity provisions of the contract. Having reviewed the parties'

_____

[2]The Honorable Henry Woods, Senior United States District Judge for the Eastern District of Arkansas.

-3-

briefs and submissions, we conclude that no error of law appears. Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.